**Andrei Nik SELBAKOV, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–70175.

United States Court of Appeals, Ninth Circuit.

Submission Deferred June 21, 2004.

Resubmitted Aug. 18, 2005.\*\*

Decided Sept. 16, 2005.

Lisa H. Donnelley, Stock & Donnelley, LLC, Anchorage, AK, for Petitioner.

Regional Counsel, Office of the District Counsel, San Francisco, CA, District Director, United States Immigration and Naturalization Service, Anchorage, AK, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM \*\*\*

Because expert testimony allowed into the record by the Immigration Judge

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("IJ") was omitted from the administrative record sent to the Board of Immigration Appeals ("BIA") for review, Selbakov was deprived of due process of law. *Zolotukhin v. Gonzales,* 417 F.3d 1073, 1076–77 (9th Cir.2005); *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000); *Ladha v. INS,* 215 F.3d 889, 904–05 (9th Cir.2000); *Padilla–Agustin v. INS,* 21 F.3d 970, 978 (9th Cir.1994), *overruled on other grounds by Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). The administrative record does not contain Stephen Handelman's letter of August 9, 1999, despite the fact that the IJ admitted it into the record upon a motion to reconsider certain late filed documentary evidence. That the letter was simply not available for review "overcome[s] the presumption that [the BIA] did review the evidence." *Larita–Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir.2000). Prejudice was established because the omission of the Handelman letter potentially affected the outcome of Selbakov's appeal to the BIA. *Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002); *Colmenar,* 210 F.3d at 972; *cf. Thomas v. Gonzales,* 409 F.3d 1177, 1187 (9th Cir. 2005) (en banc). We therefore remand to the BIA for a determination on the merits of Selbakov's asylum application in light of the full record of the proceeding below, including the Handelman letter of August 9, 1999. On remand the BIA must take into consideration the effect of our decisions in *Thomas,* 409 F.3d at 1186–87, and *Lin v. Ashcroft,* 377 F.3d 1014, 1028–29 (9th Cir.2004), which establish that family membership may constitute a "particular social group" for asylum purposes.

REMANDED.