**Nasar Ahmad ASMAT, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74571.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2006.

Decided March 23, 2006.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Nasar Asmat ("Asmat") petitions for review of a Board of Immigration Appeals' ("BIA") order of removal. The BIA held that Asmat was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

* This disposition is not appropriate for publication and may not be cited to or by the courts

Asmat, a native and citizen of Afghanistan, came to the United States in June of 2001 and claimed past persecution by the Taliban based on the Taliban's conscription of his brother, attempted conscription of Asmat, and imprisonment of Asmat's father. Asmat also claimed a well-founded fear of future persecution by both the Taliban and the Northern Alliance, a group that allegedly took over Afghanistan after the Taliban were ousted in November 2001. The BIA affirmed the IJ's ruling that Asmat had not presented a claim of past persecution or a well-founded fear of future persecution, and that even if Asmat had done so, changed country conditions, namely the ousting of the Taliban, mooted Asmat's claim. The BIA also denied Asmat's claim for withholding of removal and relief under CAT.

Asmat petitions for review. Asmat argues that his application for relief should have been granted. In the alternative, Asmat has filed a request for judicial notice documenting changed country conditions in Afghanistan. In addition, Asmat claims that his due process rights were violated at his hearing.

The BIA's determination that even if Asmat had established past persecution the government had met its burden of showing a "fundamental change in circumstances" is supported by the record. 8 C.F.R. § 208.13(b)(1)(i)(A). At the time of the hearing the Taliban were no longer in power.

The BIA's determination that Asmat has not established a well-founded fear of future persecution by either the Taliban or the Northern Alliance is supported by substantial evidence. As to the Taliban, Asmat has not shown that any future persecution would be on account of a protected ground. *Sangha v. INS*, 103 F.3d 1482,

1486–87 (9th Cir.1997). As to the Northern Alliance, Asmat's claim is one of "mere apprehension" and therefore does not "establish a well-founded fear entitling [Asmat] to asylum." *Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995).

We also decline to grant Asmat's request for judicial notice. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc); *but cf. Gafoor v. INS*, 231 F.3d 645, 655–56 (9th Cir.2000) (the court may take judicial notice of a "dramatic foreign development" and will remand for consideration to the BIA).

The BIA's determination that Asmat has not met the standard for withholding of removal and relief under CAT is similarly supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir.2005) (internal citation omitted).

Finally, we reject Asmat's due process challenges. Claims of due process violations are reviewed de novo. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). Asmat must show that he was denied a fair hearing and that the denial was prejudicial. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000); *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076–77 (9th Cir. 2005). On the facts of this case Asmat has shown neither.

**PETITION DENIED.**

of this circuit except as provided by 9th Cir.  R. 36–3.