Jason Mauricio **NEHIMAYA–GUERRA,** aka Joel Wilson aka Jaison Mauricio, Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 03–74167.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.[*]

---

[*] This panel unanimously finds this case suit-   able for decision without oral argument. *See*

Filed April 25, 2006.

David G. Meyer, Howrey Simon Arnold & White, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Mark C. Walters, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

### AMENDED MEMORANDUM **

Jason Mauricio Nehimaya–Guerra ("Nehimaya") petitions for review of the BIA's decision vacating the IJ's order granting deferral of removal under the Convention Against Torture and dismissing his appeal of the IJ's denial of withholding of removal and withholding of removal under the Convention Against Torture. We grant the petition, and remand for further proceedings.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We have jurisdiction to review the underlying removal order to determine whether it comported with due process. *Arreola–Arreola v. Ashcroft*, 383 F.3d 956 (9th Cir.2004). The Due Process Clause of the Fifth Amendment applies to aliens in removal hearings and requires at a minimum a "full and fair hearing." *Alvarez–Santos v. INS*, 332 F.3d 1245, 1252 (9th Cir.2003) (citing *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999); *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)). An alien who claims that a removal order was entered in violation of due process must show prejudice, "which means that the outcome of the proceeding *may have been affected* by the alleged violation." *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1057 (9th Cir. 2005). "The standard does not demand absolute certainty; rather prejudice is shown if the violation 'potentially ... affects the outcome of the proceedings.'" *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir.2005) (quoting *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir.2002)).

■ The removal proceeding at issue was a group hearing involving fifteen individuals. When the IJ asked if any of those present were minors, Nehimaya did not identify himself. When the IJ later spoke to Nehimaya individually, no inquiry was made as to his status as an adult or minor. Immigration regulations prohibit immigration judges from accepting "an admission of removability from an unrepresented respondent who is ... under the age of 18 and is not accompanied by an attorney or legal representative, a near relative, legal guardian, or friend." 8 C.F.R. § 1240.10(c).

Further the Department of Justice guidelines require special treatment of unaccompanied minors. *See United States Department of Justice Guidelines for Children's Asylum Claims* (Dec. 10, 1998) *reproduced in* 76 Interpreter Releases 1 (Jan. 4, 1999). The DOJ Guidelines "emphasize the importance of creating a 'child-friendly' asylum interview environment that allows a child to discuss freely the elements and details of his or her claim." *Id.* at 5.

Nehimaya was not afforded any considerations due to his status as a minor. He was examined only as part of a larger group, questioned in mass. He credibly testified later that, because he had been deported on two prior occasions without court consent, he believed that would be deported regardless of his age or situation, and for that reason simply remained quiet during the group removal hearing. Subsequent to the group hearing, Nehimaya was again ordered removed, an order that has since been reinstated. Nehimaya was therefore prejudiced in that, although he had more than a plausible ground upon which to apply for asylum, he is foreclosed from that relief by the reinstatement of the tainted order of removal.

■ Where an alien's removal hearing violated due process in a way that may have affected the outcome of the removal proceedings, we remand to the agency for a hearing that comports with due process. *Zolotukhin v. Gonzales*, 417 F.3d at 1077 (9th Cir.2005). Nehimaya has not received a full and fair hearing on the merits of his claim. Although we do not prejudge the outcome of that proceeding, Nehimaya has tendered a sufficiently plausible claim to warrant one. Therefore, we grant the petition and remand for a hearing on the asylum claim on the merits. At that hearing, in addition to the opportunity to apply for asylum, Nehimaya will also have the opportunity to renew his statutory withholding of removal and CAT claims. Given this resolution, we need not reach any other issue urged by the parties.

The motion for reconsideration is denied as moot given the issuance of this amended memorandum.

**PETITION GRANTED; REMANDED.**