Allan Blake Byakwaga BARIGYE,
Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73054.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Filed Aug. 15, 2006.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Duane M. Hamilton, Esq., Chow & Hamilton, Buena Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Christopher C. Fuller, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM *

Allan Byakwaga Barigye, who claims that his true identity is Allan Semambo Matovu Barigye (Barigye), petitions for review of an order by the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's decision and deny-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

ing Barigye's motion to remand. Because Barigye's immigration hearing violated due process, we grant the petition and remand for a new hearing.

We have held that an immigration judge violates due process when he prevents a petitioner from presenting his detailed story at a hearing and does not allow the petitioner to elaborate on his written testimony. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). The IJ refused to allow Barigye to testify regarding the merits of his asylum claim; instructed him not to elaborate on his written asylum application; and, as the government concedes, refused to allow Barigye to provide any "evidence associated with claims that Allan Semambo Matovu Barigye was and might be persecuted and tortured in Uganda because of his Matovu name," after concluding that Barigye was not who he said he was.

Because the IJ prevented Barigye from presenting his full testimony as to his identity and his resulting asylum claim, Barigye's right to due process was violated. We do not reach the issue of whether the evidence compels us to conclude that the BIA erred in affirming the IJ's decision because the court may grant the petition and remand for a new hearing where the original hearing did not comport with due process, even where the BIA did not err. *Zolotukhin v. Gonzales,* 417 F.3d 1073, 1074–75 (9th Cir.2005).

We GRANT Barigye's petition for review and REMAND for a new hearing.

KLEINFELD, Circuit Judge, dissenting.

Barigye had many hearings, which were filled with inconsistencies. He testified inconsistently even as to his name from one

---

of this circuit except as provided by 9th Cir. R. 36–3.

hearing to the next. His testimony also varied on how well he could understand English, as did his witnesses's testimony. It was hard for the immigration judge to get a straight answer from him on when he left college. The immigration judge gave the petitioner two half-days for his hearing, which is much longer than the usual hearing. After numerous adjournments, the more petitioner testified, and the more the judge patiently listened and assisted in trying to clear up confusion, the harder it became even to tell what petitioner's name was, let alone what had supposedly happened to him and when. He had used a name that he testified was false on the earlier documents he'd filed in United States immigration proceedings.

Eventually, the judge concluded that "he has no credibility." But the judge allowed him to testify in case his lawyer could do something to establish a case despite the credibility problem. Eventually, the judge said "I have heard enough of the respondent's tell-tales, and they are never ending stories. The bottom line is, the Court concludes that the respondent is the same person on the passport that he used to come to the United States. The Court does not believe that he has established that he is Matovu or some other person. His entire application for relief is based upon his relationship to Matovu, a family of freedom-fighters or rebels, but all the documents that have any credibility show that he is someone else, and the Court finds that he is Allan Barigye–Byakwaga— Allan Blake Byakwaga–Barigye, I should say, and as such, the Court will deny any applications for relief to that person who is identified in the documents. I'm not having a hearing for anyone else named Matovu because there's no evidence that he exists, and as I indicated earlier, the respondent's testimony alone is insufficient because the respondent is not credible because if I—the respondent has lied to his

doctors, he lied to his employers, and has failed to correct the mistake in any way prior to being arrested and detained by the Immigration Service."

Even though the judge had said clearly at that point, after more than 400 pages of hearings, that the petitioner had no credibility on his identity, he nevertheless allowed more. Additional evidence was introduced.

In his brief, petitioner accuses the immigration judge of "intransigent refusal to allow full development of the record," and that due process argument is the basis for the majority's position. But the brief does not say what additional evidence the petitioner sought to put in, or where, exactly, the petitioner was improperly cut off as he attempted to put in evidence. It does appear from context as though petitioner wanted to put on more evidence that a man named Matovu had been tortured and the immigration judge prevented him from doing so. But, by the time the immigration judge prevented him from admitting this evidence, he had already concluded based on substantial evidence that petitioner was not in fact Matovu.

I respectfully dissent because additional evidence about Matovu could not have mattered. As the BIA noted, even if at some point, the petitioner came up with evidence that he really was Matovu, "this does not diminish the fact that the respondent lied in the past" in his immigration proceedings. And there was a substantial basis on the record for the adverse credibility decision because of "[t]he petitioner's past misrepresentations regarding his identity and his attendance at school," as well as his own self-contradictions.