Moises **VARELA–GUTIERREZ**, Petitioner–Appellant,

v.

Alberto R. **GONZALES**, Attorney General, Respondent–Appellee.

No. 05–35453.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Nov. 1, 2006.

---

**2.** *See Andreiu v. Ashcroft*, 253 F.3d 477, 479– 84 (9th Cir.2001) (en banc).

Robert Houston Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner-Appellant.

Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, Bryan S. Beier, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent-Appellee.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

MEMORANDUM *

Moises Varela–Gutierrez ("Varela–Gutierrez") petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying him a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition and remand for a new hearing.

Varela–Gutierrez contends that the IJ violated his constitutional due process "right to a full and fair hearing" by prejudging the case, because she considered the certificate of probable cause ("CPC") to be conclusive proof of the facts of the underlying offense before hearing testimony, and because she denied him the opportunity to present his mother-in-law as a witness.[2] *Torres–Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001); *see* U.S. CONST. amend. V; *see also* 8 U.S.C. § 1229a(b)(4)(B).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Although Varela–Gutierrez appealed from the district court's denial of habeas relief, the REAL ID Act, enacted one day after Varela–Gutierrez filed his appeal, requires all habeas petitions pending in the district court to be transferred to the courts of appeals and treated as petitions for review. *See* Pub.L. No. 109–13, Div. B., § 106, 119 Stat. 231 (2005). We treat appeals from denials of habeas relief "pending on the date of the Act's enactment"

in the same manner. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005). Therefore, we "vacate the District Court's decision," and consider Varela–Gutierrez's habeas appeal "as if it had been raised in a petition for review before us in the first instance." *Jordon v. Attorney Gen.*, 424 F.3d 320, 328 (3d Cir.2005).

2. Because the BIA summarily affirmed the IJ, "we review the substance of the IJ's decision." *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 975 (9th Cir.2006).

■ As a threshold matter, we must determine whether we have jurisdiction over this claim. Under the REAL ID Act, while generally we may not "review ... any judgment regarding the granting of relief under [inter alia] section 1182(h)," we may nevertheless review "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B), (D). Because Varela–Gutierrez's due process challenge constitutes "at least a colorable constitutional violation," we have jurisdiction. *Torres–Aguilar*, 246 F.3d at 1271.

■ On the merits, we agree with Varela–Gutierrez's due process claim. The IJ's actions and comments during the hearing and in her decision suggest that she predetermined that the statements in the CPC were accurate, and that any contradictory testimony would be perjurious.[3] Before any witness had taken the stand, the IJ stated that "this case turned on only one issue and one issue only, that of your client's explanation of what happened in the crime that he committed the assault to." As "the rules of evidence are not applicable to immigration hearings," the IJ was entitled to *consider* the hearsay statements in the CPC. *Hernandez–Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir.2005). Nonetheless, the IJ erred in determining that the version in the CPC was conclusively accurate, before hearing any testimony and without acknowledging that Varela–Gutierrez pled guilty to the underlying offense pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (holding constitutionally permissible guilty plea where defendant maintains his innocence). *See State v. Newton*, 87 Wash.2d 363, 552 P.2d 682, 686–87 (1976) (noting that Washington court rules permit *Alford* pleas).

Further, we question whether the IJ "act[ed] as a fair and neutral arbiter."

*Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075 n. 2 (9th Cir.2005). She threatened Varela–Gutierrez with a perjury prosecution when he testified inconsistently with the CPC: "[T]he Court has even advised him of the possibility of perjury. I am not a prosecutor and I'm not going to do anything about that but that is a separate issue." Because Varela–Gutierrez's wife then corroborated his version of the facts underlying the guilty plea, the IJ concluded in her decision, without citing any evidence in the record, that Varela–Gutierrez suborned perjury "by having his wife sign a statement that is also not true." The IJ's conduct amounts to a violation of Varela–Gutierrez's due process right to a fair hearing. *See, e.g., Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1054–58 (9th Cir. 2005); *Zolotukhin*, 417 F.3d at 1075; *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

On similar facts, we have held that an IJ's "pre-judgment of the merits of petitioner's case led her to deny [petitioner] a full and fair opportunity to present evidence on his behalf, including that the IJ excluded the testimony of key witnesses." *Zolotukhin*, 417 F.3d at 1075. Here, after Varela–Gutierrez's wife testified, the IJ refused to allow his mother-in-law's oral testimony on the ground that it would be "cumulative." Although "the IJ may limit repetitive or unnecessary testimony, ... a judge violates due process by barring complete chunks of oral testimony that would support the applicant's claims." *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir.2004). The IJ disbelieved Varela–Gutierrez's wife's testimony because it was inconsistent with the facts stated in the CPC. In light of the IJ's express disbelief, the mother-in-law's testimony, although regarding the same conversation to which

---

**3.** Upon review of the administrative record in this case, we conclude that Varela–Gutierrez

properly exhausted this claim in his appeal to the BIA.

Varela–Gutierrez's wife testified, was not cumulative; rather, it was directly relevant to rehabilitating Varela–Gutierrez's credibility.[4] *See Lopez–Umanzor*, 405 F.3d at 1057 (recognizing a due process violation where IJ refused testimony that "would have reflected directly on Petitioner's credibility, on specific points as to which the IJ had repeatedly expressed skepticism"); *Kaur*, 388 F.3d at 737 (same where IJ refused testimony, without questioning witness, on the basis it "would not help" but "at the same time, faulting Petitioner for failing to offer corroborating evidence") (alterations omitted). The IJ therefore erred when, consistent with having prejudged the case, she denied Varela–Gutierrez the opportunity to present his mother-in-law as a witness.

In sum, we conclude that the IJ's actions violated Varela–Gutierrez's due process right to a fair hearing. Accordingly, we grant the petition and remand to the BIA with instructions to remand to the immigration court for a new hearing, in which Varela–Gutierrez may apply for a § 212(h) waiver and any other applicable form of relief. In light of this disposition, we need not address Varela–Gutierrez's remaining claims of error.

Petition **GRANTED** and **REMANDED** for further proceedings consistent with this memorandum.

---

4. Contrary to the Government's assertion in its brief and at oral argument, Varela–Gutierrez properly exhausted this claim. His counsel objected at the hearing on the basis that the testimony was necessary "to adequately … present a, the case here." In his brief to the BIA, Varela–Gutierrez similarly challenged the exclusion of his mother-in-law's testimony, "which would have helped establish the equities in his favor."

