**Nouman A. ADEN, Petitioner—Appellant,**

v.

**Alberto R. GONZALES, Attorney General, Respondent—Appellee.**

No. 05–73573.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 13, 2006.

Brian C. Bennett, Esq., Kaustav M. Das, Davis, Wright & Tremaine, LLP, Seattle, WA, for Petitioner–Appellant.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Kristin Berger Johnson, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before: GOODWIN and KOZINSKI,

Circuit Judges, and SHADUR,* Senior District Judge.

### MEMORANDUM**

Where as here a petitioner challenges credibility determinations that served as the basis for an adverse asylum decision by the Board of Immigration Appeals ("Board"), that decision is upheld so long as it is supported by "substantial evidence" (*Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995)). And where the Board has simply adopted findings of the immigration judge ("IJ"), we review the IJ's decision for such substantial evidence (*Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001)). To prevail under that deferential standard a petitioner must establish that "the evidence not only supports, but compels, contrary findings" to those of the IJ (*id.*). Conversely, for us to affirm her findings, the IJ must only have articulated a "legitimate" as well as "specific, cogent reason" to question the petitioner's credibility—a "reason[ ] [that] must be substantial and bear a legitimate nexus to the finding" (*Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (internal quotation marks omitted)). Because the IJ has done so here, petitioner Nouman Aden ("Aden") has not met his burden.

Several discrepancies in the record caused the IJ to doubt Aden's credibility. Most glaring among those was Aden's claim that over a nine-year period in Kenya he had regularly received money from his brothers-in-law in Saudi Arabia, including the $6,000 that he needed to pay for being smuggled into the United States, while upon cross-examination he claimed never to have called or initiated contact with them during that entire period and was unable to provide any contact information for them. Nor did petitioner provide any corroborating evidence. As we have reconfirmed in *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir.2000), quoting *Mejia–Paiz v. INS*, 111 F.3d 720, 723–24 (9th Cir.1997):

> [W]here material corroborating evidence was easily available to the asylum seeker, i.e., it "does not pose the type of particularized evidentiary burden that would excuse corroboration," failure to produce such evidence can constitute substantial evidence supporting an adverse credibility determination.

We find it unnecessary to parse all of the perceived discrepancies in detail, for what controls is the inability to find that Aden's proffered explanations compel a finding contrary to that of the IJ (*Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999)). Under the mandated deferential standard of review, any doubts we may harbor as to certain of the IJ's adverse credibility determinations do not call for a rejection of her decision so long as the IJ has provided (as the IJ did here) at least one specific and legitimate reason that went to the heart of petitioner's claim (*Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001)).

Finally, Aden's due process challenge is also unavailing. While we have had multiple occasions to question the same IJ's impartiality in the past (*see Smolniakova v. Gonzales*, 422 F.3d 1037, 1047 (9th Cir. 2005) and cases cited at *id.* 1047 n. 2), our de novo review of the record here does not reveal that she improperly prejudged or otherwise prejudiced Aden in this case (in

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

contrast to the situation in *Zolotukhin v. Gonzales,* 417 F.3d 1073, 1075 (9th Cir. 2005)).

For the reasons stated here, we DENY the Petition.