**Caryl Sofia CADIENA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73289.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2008.

Filed Aug. 18, 2008.

** This disposition is not appropriate for publication and is not precedent except as provide d by 9th Cir. R. 36–3.

O'Scannlain, J., concurred in part and dissented in part with opinion.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Leah V. Durant, OIL, Anthony C. Payne, DOJ – U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,* District Judge.

---

* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Caryl Sofia Cadiena, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal.

We have jurisdiction over Cadiena's claims pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and we grant in part and deny in part and remand.

■ The IJ and BIA found that Cadiena failed to show that her fear of future persecution was objectively reasonable and on account of a protected ground. These findings are not supported by substantial evidence, because Cadiena showed that the New People's Army targeted her on account of an imputed political opinion that was derived from her parents' political opinions and activities. *See Ernesto Navas v. INS*, 217 F.3d 646, 658–62 (9th Cir.2000). Assuming Cadiena is credible, her testimony and the record as a whole would compel a finding that Cadiena has a well-founded fear of future persecution.

■ Nevertheless, because the BIA failed to make an explicit finding on credibility, we remand to allow the BIA and IJ to consider two issues. First, on the issue of asylum, the BIA assumed without deciding Cadiena's credibility in affirming the IJ's decision, and the IJ seems to have assessed her father's credibility but not hers. The Court finds that the BIA should make an express determination of Cadiena's credibility in deciding whether Cadiena has made a showing of a well-founded fear of future persecution. *See Cordon–Garcia v. INS*. 204 F.3d 985, 993 (9th Cir.2000) (noting that the reviewing court cannot make a finding on credibility where the BIA fails to do so, and also noting that any adverse credibility determination by the BIA must be supported by "specific cogent reasons, which are substantial and bear a legitimate nexus to the finding" (internal quotation marks omitted)).

Second, assuming a well-founded fear of future persecution, "[she] is not disqualified from asylum eligibility merely because there are areas in the country where [s]he would not face persecution, provided that [s]he demonstrates the unreasonableness of internal relocation." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir.2003). The BIA did not reach the issue of internal relocation. Accordingly, we remand to the agency for further consideration, in light of the applicable factors, including familial ties, of whether Cadiena could reasonably relocate to another part of the country.[1] 8 C.F.R. § 1208.13(b)(3); *see also, Melkonian*, 320 F.3d at 1071.

In regard to Cadiena's res judicata argument, because a "final judgment, rendered on the merits in a separate action" never occurred in this case, the doctrine does not apply. *See Valencia–Alvarez v. Gonzales*, 469 F.3d 1319, 1323–24 (9th Cir. 2006) (emphasis omitted).

■ We agree with Cadiena that the IJ failed to provide her with a " 'full and fair hearing' " when he did not allow her to present additional evidence of past perse-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In this regard, we respectfully disagree with the dissent's conclusion that "[t]he evidence of availability of safe relocation is more than adequate," because "[i]t is not enough ... for the IJ to find that applicants could escape persecution by relocating internally." *Melkonian*, 320 F.3d at 1069. Rather, "[i]t must be reasonable to expect them to do so." *Id.*

cution on remand from the first appeal to the BIA. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1252 (9th Cir.2003) (quoting *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999)). Since, we may infer that Cadiena was prejudiced by the denial of an opportunity to present evidence, we find that the IJ's refusal to hear that evidence " 'potentially ... affect[ed] the outcome of the proceedings.' " *Zolotukhin v. Gonzales,* 417 F.3d 1073, 1077 (9th Cir. 2005) (quoting *Agyeman v. INS,* 296 F.3d 871, 884 (9th Cir.2002)). Accordingly, we "remand for a hearing that comports with due process." *Id.*

■ Substantial evidence supports the IJ's and BIA's denial of withholding of removal because Cadiena has failed to show that it is "more likely than not" that she will be subject to persecution if removed to the Philippines. *See Lim,* 224 F.3d at 938–39. We deny the petition on the withholding claim.

**PETITION FOR REVIEW GRANTED in part, DENIED in part and REMANDED.**

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

While I concur in the court's conclusion that substantial evidence supports the denial of Cadiena's application for withholding of removal, and agree that her *res judicata* claim should be rejected, I respectfully suggest that, in addressing her asylum claim, the court fails properly to consider evidence that Cadiena does not have a well-founded fear of future persecution in the Philippines.

In its terse opinion, the Board of Immigration Appeals ("BIA") "agree[d]" with

the Immigration Judge ("IJ") "that there is insufficient evidence in the record to indicate that [Cadiena] has an objectively reasonable well-founded fear of persecution." The IJ's conclusion on such issue, in turn, was predicated in part on the availability of safe relocation within the Philippines. Thus, both by concluding that Cadiena lacked a well-founded fear of persecution, and by noting its agreement with the IJ, the BIA implicitly relied on evidence showing that Cadiena could safely relocate upon returning there. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003) ("The ability of an applicant to relocate to a place of safety within his country of origin may ... be considered by the IJ in determining whether an applicant's fear is 'well-founded.' "); *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) ("[O]ur review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.").

The evidence of the availability of a safe relocation is more than adequate under the deferential standard of review that we must apply. *See Kaiser v. Ashcroft,* 390 F.3d 653, 657 (9th Cir.2004). As the BIA noted in its opinion, Cadiena left the Philippines as a teenager, and she since has lived in the United States for more than 14 years. At Cadiena's immigration hearing, her father acknowledged that he "realistically" did not believe that agents of the Philippine government would recognize her. Although her father testified that the government might recognize the name "Cadiena," he conceded that "there are a lot of Cadienas" in the northern areas of the Philippines.[1]

Nor would I hold that the IJ violated due process by failing to allow Cadiena to

---

1. I also disagree with the court's conclusion that the record does not sufficiently establish that an internal relocation would be reasonable. I fail to see any evidence indicating that such a relocation would be unreasonable.

Moreover, because Cadiena did not claim to have suffered persecution at the hands of the government, she is not entitled to a presumption of unreasonableness. *See* 8 C.F.R. § 1208.13(b)(3)(ii).

present additional evidence related to whether she suffered past persecution. The IJ properly concluded that she did not have a well-founded fear of future persecution due to her ability to relocate within the Philippines. Accordingly, even assuming that the IJ violated due process, Cadiena has failed to render the requisite showing of prejudice. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1058 (9th Cir. 2005) ("For us to grant the petition for review on due process grounds, Petitioner must show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.") (internal quotation marks omitted).

For the foregoing reasons, I would deny Cadiena's petition for review in its entirety, and I therefore respectfully dissent in part from the majority's disposition.