**Seyed Mehdi HASSANI, Petitioner,**

v.

**Michael B. MUKASEY \*, Attorney General, Respondent.**

**Seyed Mehdi Hassani, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Nos. 04–73139, 06–72307.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 13, 2008.

David L. Ross, Esquire, David L. Ross, PA, Los Angeles, CA, for Petitioner.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jeffrey J. Bernstein, Esquire, Thomas H. Dupree, Jr., Esquire, Carl H. McIntyre, Jr., Esquire, Assistant Director, R. Alexander Goring, Esquire, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER, and PAEZ, Circuit Judges.

MEMORANDUM **

Seyed Mehdi Hassani ("Hassani"), a native and citizen of Iran, appeals the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Hassani's application was based on the persecution he allegedly suffered as a result of his homosexuality. The IJ denied Hassani's application because she found that he was not credible.

Hassani also appeals the BIA's denial of his motion to reopen asylum proceedings. Hassani argues that changed circumstances, namely his conversion from Islam to Christianity, constitutes an exception to the timeliness requirement set forth in 8 C.F.R. § 1003.2(c)(3)(ii). The BIA found that changes in personal circumstances do not fall under the exception and denied the motion as untimely.

We have jurisdiction under 8 U.S.C. § 1252. With respect to Hassani's petition for review of the denial of his application for asylum (No. 04–73139), we grant the petition and remand to the IJ for a new hearing. With respect to Hassani's motion to reopen, we dismiss the petition (No. 06–72307) as moot.

*No. 04–73139*

Hassani argues that he was arrested, interrogated, detained, and tortured in Iran on account of his homosexuality. Although he concedes that his arrests were in accordance with Islamic law for his public association with women and his possession of alcohol, he maintains that those grounds were merely pretext. Hassani argues that the true motivation of the Iranian police was to take him into custody in order to force him to confess his homosexuality and name his male partners. Under Islamic law, such a confession could have led to the death penalty.

At Hassani's asylum hearing, he attempted to introduce the expert testimony of a UCLA Professor of Islamic Studies. The IJ refused to allow the witness to testify, stating that she did not need to hear from the expert because she had already found Hassani not credible. The IJ denied Hassani's application for asylum, withholding of removal, and relief under CAT based on her adverse credibility determination.

We conclude that the IJ's exclusion of expert testimony violated Hassani's due process rights and prejudiced his case. The Fifth Amendment guarantees aliens due process in removal proceedings. *Baires v. INS*, 856 F.2d 89, 90 (9th Cir. 1988). Additionally, the Immigration and Nationality Act guarantees aliens a rea-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sonable opportunity to present evidence on their behalf. *Id.* at 91. Because credibility is a critical issue in immigration proceedings, we have held that an IJ must allow a petitioner to present corroborating expert testimony. *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir. 2005). The IJ's exclusion of relevant expert testimony constitutes a due process violation when the exclusion is prejudicial to the petitioner's case. *See id.* at 1049; *Zolotukhin v. Gonzales*, 417 F.3d 1073 (9th Cir.2005). Exclusion is prejudicial when it potentially could have affected the outcome of the proceedings. *Lopez–Umanzor*, 405 F.3d at 1058–59.

■ Here, before Hassani's expert witness had a chance to testify, the IJ determined that Hassani was not a credible witness. This determination was based, in part, on the IJ's speculation as to how a gay man would behave in Iran, as well as assumptions about how *sharia*, Islamic customary law, treats homosexuality. For example, the IJ asked Hassani why he would have violated the law by being in the company of women when he was already afraid for his life. Hassani explained that this crime was less serious than homosexuality, would not have put his life at risk, and was committed to disguise his homosexuality. The expert likely would have been able to shed light on Islamic law's treatment of these various crimes, perhaps explaining Hassani's behavior. The IJ also stated in her decision that Hassani's account of the Iranian government's actions against him made no sense because if the police had wanted to kill him for being gay, they would have done so long ago. The expert could have explained under what circumstances Islamic law permits execution for homosexuality or sodomy. These are only two examples, but the record is peppered with the IJ's expressions of doubt where expert testimony might have bolstered Hassani's claims.

The IJ's only reason for excluding the expert's testimony was her prejudgment that Hassani was not credible, a reason that we have explicitly rejected. *Id.* at 1056; *see also Zolotukhin*, 417 F.3d at 1075 ("The IJ's prejudgment of the merits of petitioner's case led her to deny [petitioner] a full and fair opportunity to present evidence on his behalf, including that the IJ excluded the testimony of several key witnesses."). The IJ violated Hassani's due process rights, requiring that we remand this case for a new hearing—one in which Hassani would be given a "full and fair opportunity" to present his case, *Lopez–Umanzor*, 405 F.3d at 1059, and to assert any other grounds that may warrant relief from removal.

In light of the IJ's firmly expressed views regarding Hassani's credibility, we suggest that upon remand, the matter be assigned to a new IJ.

*No. 06–72307*

■ Given our disposition in No. 04–73139, we dismiss the petition for review in No. 06–72307 as moot.

PETITION FOR REVIEW (No. 04–73139) GRANTED in part and REMANDED; PETITION FOR REVIEW (No. 06–72307) DISMISSED as moot.