NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCIO ORTIZ LIMONES; CONCEPCION DIAZ DELGADO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 07-71952 <br><br> Agency Nos. A095-180-619 <br> A075-672-801 <br><br> ORDER WITHDRAWING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING |

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

The memorandum disposition filed February 11, 2010 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

The panel has voted to deny the petition for rehearing, filed February 25, 2010.

Subsequent petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FLORENCIO ORTIZ LIMONES;
CONCEPCION DIAZ DELGADO,

Petitioners,

v.

ERIC H. HOLDER JR., Attorney General,

Respondent.

No. 07-71952

Agency Nos.  A095-180-619
              A075-672-801

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2010[**]
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Florencio Ortiz Limones and Concepcion Diaz Delgado, husband and wife,

petition pro se for review of a decision of the Board of Immigration Appeals

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the immigration judge's denial of petitioners' application for cancellation of removal. We dismiss the petition in part and deny it in part.

We have jurisdiction under 8 U.S.C. § 1252(a) to review petitioners' claim that the immigration judge denied them due process by refusing to permit their daughter to testify regarding her health issues. The immigration judge did not violate due process, because he fully credited Ms. Delgado's testimony as well as the documentary medical evidence regarding her daughter's health. Petitioners have made no showing that their daughter's testimony would have been non-cumulative. *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1074-76 (9th Cir. 2005), *Morgan v. Mukasey*, 529 F.3d 1202, 1210-11 (9th Cir. 2008), and *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004), are therefore inapposite. Nor have petitioners shown prejudice. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002).

Petitioners fail to present a colorable claim that the immigration judge violated due process by failing to cite controlling law. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007).

Petitioners fail to present a colorable claim that the immigration judge violated due process because the immigration judge's hardship analysis on Ms. Delgado's application was tainted by the judge's erroneous conclusion that Mr.

Limones had committed a crime of moral turpitude. Petitioners have made no showing that the immigration judge's error affected the judge's hardship analysis. Furthermore, any error was harmless in light of the Board of Immigration Appeals' independent and untainted review of the hardship issue as applied to both petitioners. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

The BIA determined that Mr. Limones was not convicted of a qualifying crime involving moral turpitude. We therefore do not address petitioners' contention that the IJ erred by concluding otherwise.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**