**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SERGEI ZOLOTUKHIN,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 04-70945

Agency No.
A71-421-603

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 17, 2005—Seattle, Washington

Filed August 3, 2005

Before: Harry Pregerson, Susan P. Graber, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

## COUNSEL

Vicky Dobrin, Dobrin & Han, LLC, Seattle, Washington, for the petitioner.

Aviva L. Poczter and Mark L. Gross, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

GOULD, Circuit Judge:

Sergei Zolotukhin, a native and citizen of Russia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming without opinion the immigration judge's (IJ) denial of his application for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. Zolotukhin also raises several due process claims. We have jurisdiction under 8 U.S.C. § 1252(a).[1] The evidence in the record does not compel us to conclude that the BIA erred in denying Zolotukhin asylum, withholding of removal, or CAT relief. Nonetheless, we grant the petition and remand for a new hearing, because Zolotukhin's hearing did not comport with due process.

## I

[1] "The Fifth Amendment guarantees due process in deportation proceedings." *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). "A neutral judge is one of the most basic due process protections." *Castro-Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir. 2001). The record shows that the IJ improperly prejudged the petitioner's case. The IJ stated in the middle of the hearing: "As far as his testimony was that he actually attends the church as often as he does, I don't believe him. But even if I believed him, he doesn't have a claim. So, you can move on, or you can . . . try to drag this out." The IJ later stated "[Y]ou're not really a Pentecostal. You just claim to be a Pentecostal because you don't want to

_____

[1]"We review de novo due process challenges to immigration decisions." *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003). Where the BIA summarily adopts the findings and reasoning of the IJ, we review the IJ's decision as if it were that of the BIA. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004).

. . . go to the military. That's the problem I have with your case."[2]

**[2]** An alien who faces deportation is entitled to a full and fair hearing of the alien's claims and a reasonable opportunity to present evidence on his or her behalf. *See* 8 U.S.C. § 1229a(b)(4); *Castro-Cortez*, 239 F.3d at 1049. The IJ's pre-judgment of the merits of petitioner's case led her to deny Zolotukhin a full and fair opportunity to present evidence on his behalf, including that the IJ excluded the testimony of several key witnesses. *See Colmenar v. INS*, 210 F.3d 967, 971-72 (9th Cir. 2000) (holding that, as part of his right to a full and fair hearing, an alien is entitled to a "reasonable opportunity to present evidence on his behalf").

## A

**[3]** First, the IJ refused to permit testimony from the petitioner's grandmother, who was present at the hearing and who would have testified regarding the religious persecution of the petitioner's family in Russia and about the petitioner's Pentecostal Christian background. The IJ opined at the hearing that

---

[2]The record also includes an affidavit from petitioner's counsel alleging that the IJ twice made off-the-record warnings to petitioner to withdraw his application for asylum and accept voluntary departure, or if petitioner declined to do so, the IJ would find his asylum application frivolous. Petitioner declined to accept the IJ's terms, and the IJ later denied him voluntary departure. While we lack jurisdiction to review the discretionary denial of voluntary departure, "[w]e retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003). The government, in its briefing and at argument, did not dispute that the alleged off-the-record discussions took place or dispute their content, arguing only that the statements were outside the record and therefore beyond our review. However, the alleged statements are cognizable in a due process challenge, and the IJ's alleged statements, if they did occur, would be improper and would establish that the IJ was not acting as a fair and impartial arbiter. Nonetheless, we ground our decision on the evidence in the record.

the grandmother's testimony was not relevant because the events to which she would testify occurred too far in the past. "Due process principles prohibit an IJ from declining to hear relevant testimony because of a prejudgment about the witness's 'credibility or the probative value of [the] testimony.' " *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005); *see also Kaur v. Ashcroft*, 388 F.3d 734, 736-38 (9th Cir. 2004) (holding that IJ's failure to permit testimony by petitioner's son denied petitioner opportunity to present evidence on her behalf and therefore denied her a full and fair hearing). The petitioner's grandmother could have corroborated his claims for relief by recounting the past persecution of his family in Russia as well as his claim that he is a Pentecostal Christian.

**[4]** The IJ also cut off testimony from both Zolotukhin and his mother regarding the past persecution of their family in Russia and their Pentecostal Christian roots, testimony that could have corroborated Zolotukhin's claim that he feared persecution upon his return to Russia because of his religion and his membership in a particular social group— his family. By refusing to permit family members to develop the record regarding the family's past persecution, the IJ effectively precluded the petitioner from establishing eligibility for asylum or withholding of removal as a member of a particular social group, his family, which can support an asylum claim. *See Thomas v. Gonzales*, 409 F.3d 1177, 1187 (9th Cir. 2005) (en banc) (holding that a family may constitute a "particular social group," and the persecution of alien based on his/her membership therein may support asylum claim).

**B**

**[5]** The IJ also refused to permit the telephonic testimony of Zolotukhin's expert, Anatoly Pcheltinsev, the Director of the Institute for Religion and Law in Moscow.[3] Pcheltinsev,

---

[3]Zolotukhin's counsel listed Pcheltinsev as a witness and filed a motion requesting telephonic testimony, because Pcheltinsev lives in Moscow.

an attorney specializing in protection of religious freedoms in Russia, could have testified on the current treatment of Pentecostal Christians in Russia, and how they are treated inside the Russian military, an issue upon which the IJ partially based her adverse credibility finding. The IJ relied on a statement in an article by Pcheltinsev for the conclusion that Russian law would allow the petitioner to seek alternatives to military service if he was deported. The expert's testimony would have been probative as to whether the IJ's interpretation of his written materials was correct. The expert also could have established whether religious objectors are singled out for disparate treatment on account of a protected ground by the Russian military. In the circumstances of this proceeding, the denial of expert testimony violated Zolotukhin's due process rights. *See Lopez-Umanzor*, 405 F.3d at 1057 (holding that IJ's refusal to hear testimony from petitioner's experts violated due process even though IJ had written materials from the experts because the testimony would have covered issues not in the written materials and reflected directly on petitioner's credibility on points on which the IJ expressed skepticism).[4]

## II

**[6]** "For us to grant the petition for review on due process

---

The IJ did not rule on the motion before the hearing, but at the hearing concluded that Pcheltinsev had to appear in person if at all, because she was "not going to do this kind of an expert on the telephone." Later the IJ told Zolotukhin's counsel that she could use her own phone card if she wanted, but she was "not going to use the Court's money to bring someone who's talking in Russia." Zolotukhin's counsel did not have a phone card, and as a result there was no expert testimony from Pcheltinsev.

[4]The IJ's exclusion of the telephonic expert testimony without prior notice is also inconsistent as compared to the IJ's own sua sponte long distance telephone call to the Whitefish, Montana, church of Zolotukhin's mother, in an apparent attempt to investigate the petitioner's church attendance.

grounds, Petitioner must show prejudice, 'which means that the outcome of the proceeding *may have been affected* by the alleged violation.' " *Id.* at 1058. Had the IJ not excluded the testimony of petitioner's witnesses, the record might demonstrate that Zolotukhin's fear of future persecution based on his religion or social group was well-founded and that he is entitled to asylum, withholding of removal, or protection under the CAT. The standard does not demand absolute certainty; rather prejudice is shown if the violation "*potentially* . . . affects the outcome of the proceedings." *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir. 2002) (internal quotation marks omitted). We may infer prejudice even absent any allegations as to what the petitioner or his witnesses might have said if the IJ had not cut off or refused to permit their testimony. *Colmenar*, 210 F.3d at 972. The government has argued that the petitioner lacks good character and will not prevail on his claims. But even a petitioner with purportedly bad character and possibly a weak case has a right to a fair hearing. Because the outcome of the case may have been different absent the cumulative effect of the several due process violations that we have described, we hold that the IJ's conduct was prejudicial and remand for a hearing that comports with due process.

**PETITION GRANTED; REMANDED with instructions.**