**Andranik CHILINGARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71651.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Andranik Chilingaryan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Andranik Chilingaryan, a native of Azerbaijan and a citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the IJ's decision denying Chilingaryan's asylum application as untimely. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the United States). We also lack jurisdiction to consider Chilingaryan's due process challenge to the IJ's timeliness determination because Chilingaryan did not first raise this claim before the BIA. *See Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002) ("we may not entertain due process claims based on correctable procedural errors unless the alien raised them below").

With respect to Chilingaryan's withholding of removal and CAT claims, the IJ found him not credible because his testimony was implausible and he failed to present corroborative evidence regarding his jury service, radio interview, his political party's involvement in his release from detention, or the courtroom accusations against high-level Armenian leaders. *See Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000) (if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his application). Furthermore, Chilingaryan's testimony was not consistent with the description of the trial of Armen Ter-Sahakian in the country report. *See Chebchoub,* 257 F.3d at 1044 (affirming the BIA's use of country reports to discredit a general assertion made by an applicant). The IJ denied relief on the ground that Chilingaryan was not credible and the record does not compel a contrary conclusion. *See id.* at 1042.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

In the absence of credible testimony, Chilingaryan failed to demonstrate eligibility for withholding of removal and CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We lack jurisdiction to review the IJ's discretionary denial of voluntary departure. *See Zolotukhin v. Gonzales,* 417 F.3d 1073, 1075, fn. 2 (9th Cir.2005).

Chilingaryan's motion to file a late reply brief is granted. The Clerk shall file the brief received on December 22, 2005.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**