Vitaliy Semenovich KAGANOVICH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 12, 2006.

See also 470 F.3d 894.

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Coun-sel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum Fax, DOJ—U.S. Department Of Justice Civil Div./Office Of Immigration Lit., For Respondent.

Before: CUDAHY,* GRABER, and IKUTA, Circuit Judges.

## MEMORANDUM **

Petitioner Vitaliy Semenovich Kaganovich petitions for review of the Board of Immigration Appeals' ("BIA") order of removal and denial of asylum. Petitioner also alleges that the immigration judge's ("IJ") conduct amounted to a violation of due process. We deny the petition.

1. The IJ did not err in ordering Petitioner removed pursuant to 8 U.S.C. § 1182(a)(6)(E)(i) for alien smuggling.[1] Petitioner was stopped at the Mexico–United States border as he was driving back into the United States. His passenger presented false documentation.

■ The IJ's determination that Petitioner knew that the passenger in his car had false documentation was supported by substantial evidence. See Bhasin v. Gonzales, 423 F.3d 977, 983 (9th Cir.2005) (stating that factual findings by the IJ are reviewed for substantial evidence). One month earlier, Petitioner had been released after he was stopped at the same border with passengers carrying false documentation. Additionally, Petitioner's

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In a published opinion filed this date, we reject Petitioner's argument that he cannot be removed because he entered the country as a refugee.

stated purpose for visiting Mexico was to purchase alcohol and cigarettes, yet none were found in his car by the border patrol. At his hearing, Petitioner brazenly explained that his cigarettes and alcohol, along with one of his bank cards, had been stolen by the border patrol. The IJ permissibly disbelieved Petitioner's explanations; we cannot conclude that "the evidence compels a contrary conclusion." *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006).

■ We also conclude, on de novo review, that the IJ properly rejected Petitioner's argument that his actions did not constitute alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i).[2] *See Bhasin*, 423 F.3d at 983 (stating that legal questions are reviewed de novo). Petitioner provided the vehicle and attempted to drive across the border with an illegal alien passenger. Thus, Petitioner "provided some form of affirmative assistance to the illegally entering alien." *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005).

■ 2. The IJ did not err in rejecting Petitioner's application for asylum, because the IJ's adverse credibility determination is supported by substantial evidence. *See Singh*, 439 F.3d at 1105 (stating that adverse credibility determinations are reviewed for substantial evidence). In particular, the IJ noted that Petitioner's testimony included dramatic events, such as being shot in the leg and stabbed, that were omitted from his application. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (holding that omission of a "dramatic, pivotal event" from the petitioner's application is a valid basis for an adverse credibility determination). Additionally, Petitioner's testimony contradicted a letter submitted

from his mother regarding the persecution she experienced. *See Wang v. INS*, 352 F.3d 1250, 1258 (9th Cir.2003) (observing that "palpable inconsistencies in a petitioner's testimonial and documentary evidence [can] directly undermine" a petitioner's credibility). These inconsistencies " 'strike at the heart of the claim' for asylum" and are therefore valid bases for an adverse credibility determination. *Singh*, 439 F.3d at 1105 (quoting *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004)).

■ 3. Finally, Petitioner argues that the manner in which the IJ conducted the hearings deprived him of due process. *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075 (9th Cir.2005) (noting that the Fifth Amendment guarantees due process for hearing an alien's claims). We are not persuaded. The IJ's occasional impatience and frustration did not rise to the level of a due process violation.

PETITION DENIED.

---

**2.** "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aid-

ed any other alien to enter or to try to enter

---

the United States in violation of law is inadmissible." 8 U.S.C. § 1182(a)(6)(E)(i).

