MEMORANDUM *
Isaac Kigondu Kiniti-Wairimu (“Kiniti”), a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals’ (“BIA”) affirmance of the Immigration Judge’s (“IJ”) denial of his application for withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. When, as here, the BIA conducted a de novo review of the record, our review “is limited to the BIA’s decision, except to the extent the BIA expressly adopted the IJ’s opinion.” Mendez-Mendez v. Mukasey, 525 F.3d 828, 832 (9th Cir.2008) (internal quotation marks omitted). We “review[ ] purely legal questions, such as due process claims, de novo.” Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We grant the petition for review and remand for a new hearing before another IJ.
Kiniti’s due process rights were violated when the IJ conducted independent research of Kiniti’s family circumstances via the Internet and then relied on the resultant reports that the incarcerated prisoner was not aware of to make an adverse credibility determination. While conducting Internet research in deciding *909 an application for relief may be proper in some circumstances, the IJ “engaged in improper behavior” — as the BIA correctly found — by searching for information about Kiniti’s grandmother and then admitting her obituary into the record. The government concedes, however, that the BIA erred by applying an incorrect legal standard when deciding whether Kiniti was prejudiced by the IJ’s conduct. Applying the correct prejudice standard, Kiniti demonstrated that “the outcome of the proceeding may have been affected” by the IJ’s conduct, Reyes-Melendez v. INS, 342 F.3d 1001, 1006 (9th Cir.2003), because Kiniti presented potentially valid claims for withholding of removal and CAT relief.
The IJ also violated Kiniti’s due process rights by precluding him from further developing the record. See id. (“As part of a right to a full and fair hearing, an alien is entitled to a reasonable opportunity to present evidence on his behalf.” (internal quotation marks omitted)). The IJ continued the hearing for the specific purpose of allowing Kiniti to retrieve two letters and “any other documents” that related to his family’s troubles. However, he terminated the hearing the following day without giving Kiniti an opportunity to present the documents in question. We may presume that Kiniti was prejudiced by this error. See Zolotukhin v. Gonzales, 417 F.3d 1073, 1077 (9th Cir.2005) (“We may infer prejudice even absent any allegations as to what the petitioner ... might have said if the IJ had not ... refused to permit [his] testimony.”); see also Lopez-Umanzor v. Gonzales, 405 F.3d 1049, 1056 (9th Cir.2005) (“Due process principles prohibit an IJ from declining to hear relevant testimony because of a prejudgment about the witness’s credibility or the probative value of [the] testimony.” (alteration in original) (internal quotation marks omitted)).
To remove the taint of the unauthorized Internet research and the other incorrect conduct that occurred during the hearing, we grant the petition and remand to the BIA with instructions to remand for a new hearing before an IJ on Kiniti’s application for withholding of removal and CAT relief. We suggest that the BIA may wish to set this matter before another IJ on remand. This panel shall retain jurisdiction over any subsequent appeals in this matter.
PETITION GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.