**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN ARTURO IRIAS-AGUERO,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-73688

Agency No. A200-109-920

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 15, 2010
San Francisco, California

Before:  NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Petitioner Edwin Arturo Irias-Aguero ("Aguero"), a native and citizen of
Honduras, seeks review of a decision of the Board of Immigration Appeals ("BIA")
denying his application for asylum, withholding of removal, and relief pursuant to the
Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Aguero claims he was targeted as a member of a "particular social group": those who have witnessed gang crimes, or, as they are referred to in Honduras, "toads." However, the BIA did not err in concluding that "toads" do not qualify as a particular social group within the meaning of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42)(A). We have previously upheld the BIA's determination that young males in Central America who resist gang recruitment are not a particular social group because they "make up a potentially large and diffuse segment of society" and lack attributes that are generally visible to society. *Ramos-Lopez v. Holder*, 563 F.3d 855, 860-61 (9th Cir. 2009). Those who have witnessed criminal acts by gangs are a potentially even larger and more diffuse group, as they could be of any gender or age and, although identifiable to other gang members, are not generally visible to society at large. *See Santos-Lemus v. Mukasey,* 542 F.3d 738, 745-46 (9th Cir. 2008); *see also Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (rejecting "government informants" as a particular social group because they are not a "narrowly defined" or "cohesive, homogeneous" group). As Aguero does not qualify for asylum on account of a protected ground, he necessarily does not satisfy the higher standard for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

With respect to Aguero's CAT claim, however, we are unable to ascertain whether the BIA applied the correct legal standard to the facts of this case. Although

2

the BIA quotes the appropriate regulation, it also cites to three decisions interpreting and applying the regulation, two of which have been overruled. *See In re Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002), *overruled in part by Zheng v. Ashcroft,* 332 F.3d 1186, 1196-97 (9th Cir. 2003) (disapproving to the extent the BIA required actual knowledge and willful acceptance by government to constitute "acquiescence," where Congress intended awareness and willful blindness to suffice), and *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (same); *In re J-E-*, 23 I. & N. Dec. 291 (BIA 2002) (en banc), *overruled by Azanor v. Ashcroft,* 364 F.3d 1013, 1020 (9th Cir. 2004) (rejecting BIA's requirement of custody or physical control of the victim by a public official).

It is impossible to tell from its opinion whether the BIA applied the correct legal standard to Aguero's CAT claim. As we explained in *Azanor*:

> Unfortunately, the Board's terse conclusion does not disclose whether it relied on the erroneous state custody requirement when it determined that [petitioner] "fail[ed] to put forth a prima facie claim for relief under the [Torture Convention]." . . . Under such circumstances, "the proper course . . . is to remand to the agency for additional investigation or explanation."

364 F.3d at 1021 (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Therefore, we express no opinion as to the merits of Aguero's CAT claim, but remand for the BIA to exercise its judgment in the first instance, evaluating the claim under the

appropriate legal standards. *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1253 (9th Cir. 2004) (remanding for application of proper legal standard); *Kotasz v. INS*, 31 F.3d 847, 851, 855 (9th Cir. 1994) ( same).

Finally, Aguero claims that his due process rights were violated because the IJ heard his testimony on three different days, each separated by a month or more. He contends this piecemeal proceeding may have impacted the IJ's adverse credibility determination. However, as the BIA did not affirm the adverse credibility finding, but denied relief on an entirely different ground, Aguero has not demonstrated any prejudice flowing from the IJ's actions, and his claim must be denied. *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005).

We **DENY** Aguero's petition regarding his claims for asylum, withholding of removal and due process. We **GRANT** his petition regarding CAT and **REMAND** to the BIA for further proceedings consistent with this disposition. Each party to bear its own costs on appeal.