**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| NORMA JUDITH PAIZ CRUZ,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>    Respondent. | No. 06-73048<br><br>Agency No. A070-828-894<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,[**] and GRABER, Circuit Judges.

   Petitioner Norma Paiz Cruz petitions for review of the Board of Immigration

Appeals' affirmance of the immigration judge's ("IJ") denial of Petitioner's

application for cancellation of removal. Reviewing the procedural due process

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

claim de novo, Hamazaspyan v. Holder, 590 F.3d 744, 747 (9th Cir. 2009), we grant the petition.

We have jurisdiction over colorable constitutional claims alleging a violation of procedural due process. Mendez-Castro v. Mukasey, 552 F.3d 975, 978 (9th Cir. 2009). The government's argument that we lack jurisdiction over claims alleging substantive due process violations is, therefore, inapposite.

The IJ permitted cross-examination of Petitioner before direct examination, disregarded evidence, prejudged issues, cut off relevant testimony, and failed to discuss (or, apparently, even to consider) relevant evidence. Considering "the cumulative effect of the several due process violations," Zolotukhin v. Gonzales, 417 F.3d 1073, 1077 (9th Cir. 2005), we hold that "the challenged proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting [her] case," Cruz Rendon v. Holder, 603 F.3d 1104, 1109 (9th Cir. 2010) (internal quotation marks omitted). Furthermore, the evidence and testimony concerned a central issue in determining Petitioner's eligibility for relief, namely, the hardship that her American-citizen children would suffer; consequently, "the outcome of the proceeding may have been affected" by the IJ's actions. Tampubolon v. Holder, 610 F.3d 1056, 1063 (9th Cir. 2010) (internal quotation marks omitted).

**Petition GRANTED; case REMANDED.**