
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN NUNEZ ESCAMILLA,

        Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No.    13-73299

Agency No. A091-635-657

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2016
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and BELL,[**] District Judge.

Juan Núñez Escamilla ("Núñez"), a native and citizen of Mexico, petitions

for review of the decision of the Board of Immigration Appeals ("BIA") affirming

the Immigration Judge's ("IJ") removal order and denial of Núñez's application for

cancellation of removal. Because "the BIA adopt[ed] the decision of the IJ" in its

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

entirety, "we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004) (citation omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1.      The Government argues that we lack jurisdiction over the IJ's order of removal because it was a discretionary decision based on a criminal conviction. *See* 8 U.S.C. §§ 1252(a)(2)(B), (C). However, we have jurisdiction over the final order because Núñez raises a constitutional claim. *See* 8 U.S.C. § 1252(a)(2)(D); *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).

2.      Núñez argues that the IJ violated his Fifth Amendment due process rights by denying him a "full and fair hearing." *See Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010). He asserts that the IJ denied him a reasonable opportunity to present evidence by allowing him only 34 days to develop his case between his initial appearance and his final hearing. *See Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003).

Reviewing de novo the BIA's denial of Núñez's due process claim, *see Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014), we do not agree that Núñez's due process rights were violated. Even if Núñez is correct that the "proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting

2

his case," he cannot prevail because he failed to demonstrate prejudice. *See Vilchez*, 682 F.3d at 1199 (citation omitted).

The IJ considered the positive equities asserted by Núñez, and additional evidence may have enhanced these equities. However, the adverse factors cited by the IJ would have outweighed them, even if Núñez had obtained the evidence he speculates would have supported his claim. *See Zolutukhin v. Gonzales*, 417 F.3d 1073, 1076–77 (9th Cir. 2005); *Agyeman v. I.N.S.*, 296 F.3d 871, 884–85 (9th Cir. 2002). As the IJ noted, Núñez had three criminal convictions for possession of methamphetamine, including one in 2011 and another in 2012. The IJ found that Núñez had neither accepted responsibility for the offenses nor rehabilitated himself from his methamphetamine problems, failing to complete court-ordered drug classes and continuing to use methamphetamine during his probation. In addition, Núñez failed to pay taxes, though he testified that he made enough money to incur tax liability. He also drove for several years on a restricted license.

Núñez contends that additional time might have allowed him to gather testimony and letters from family members and former employers, as well as a copy of his General Educational Development (GED) certificate. However, Núñez's own testimony established that he was not close to his family. By his own admission, he saw his two brothers only on Christmas and New Year's Eve.

Though he testified that at one point he saw his mother and sister weekly, in recent years he saw them on "average once a month." Moreover, the IJ stated that Núñez's attainment of his GED would have received "minimal weight" even if he had been able to produce the certificate. In addition, any testimony about Núñez's good character would have been outweighed by his significant adverse factors. Finally, Núñez's own son was born in Mexico, and continues to reside there, to the best of his knowledge.

Because Núñez cannot establish that he suffered prejudice, we decline to reach his contention that the "proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *See Vilchez*, 682 F.3d at 1199.

**PETITION FOR REVIEW DENIED.**