NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER MATTSON; ROMAN BORISOV, | No.   17-17292 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-00182-LRH-WGC |
| v. | |
| CHAD WOLF*; AL GALLMANN, District Director, U.S. Citizenship and Immigration Services, Arizona-Nevada; JEANNE KENT, Field Director, U.S. Citizenship and Immigration Services, Las Vegas; NICHOLAS A. TRUTANICH**, U.S. Attorney for the District of Nevada; WILLIAM P. BARR***, Attorney General, | MEMORANDUM**** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 23, 2019
San Francisco, California

---

    \*     Chad Wolf is the current Acting Secretary of Homeland Security and was automatically substituted as a party. Fed. R. App. P. 43(c)(2).

    \*\*     Nicholas A. Trutanich is the U.S. Attorney for the District of Nevada and was automatically substituted as a party. Fed. R. App. P. 43(c)(2).

    \*\*\*     William P. Barr is the current U.S. Attorney General and was automatically substituted as a party. Fed. R. App. P. 43(c)(2).

    \*\*\*\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

In 2012, Heather Mattson sought to obtain citizenship for her husband, Roman Borisov, by filing an I-130 immediate relative visa petition on his behalf. U.S. Citizenship and Immigration Services (USCIS) ultimately denied the petition because it concluded that Borisov had previously entered a fraudulent marriage for the purpose of obtaining citizenship.  This finding rendered Borisov statutorily ineligible for citizenship.  *See* 8 U.S.C. § 1154(c).  The Board of Immigration Appeals (BIA) affirmed USCIS's decision to deny the petition, and Mattson and Borisov (collectively, Appellants) subsequently filed this suit against USCIS and several executive branch officials.  Appellants allege, inter alia, that USCIS violated the Administrative Procedure Act (APA) and their right to procedural due process by failing to disclose the complete record that it relied upon to deny the petition.  The district court entered summary judgment in favor of USCIS, and this appeal followed.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Appellants contend that USCIS violated their procedural due process right by failing to disclose a written statement from Borisov's ex-wife, which contained allegations that Borisov had married her solely for the purpose of obtaining citizenship.  Although USCIS briefly summarized the principal allegation from the ex-wife's statement, it provided neither a complete version to Appellants, nor any information about the form of the statement, prior to denying the petition.  This

2

does not comport with procedural due process.

Because the "grant of an I-130 petition for immediate relative is a nondiscretionary decision," those who are eligible are "entitled to the protections of due process" in the adjudication of a petition. *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013). We employ a case-by-case analysis and balance the factors identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether Appellants were entitled to additional process. *See Ching*, 725 F.3d at 1157 (citing *Mathews*, 424 U.S. at 334). Thus, we must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest" and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Each factor weighs in favor of Appellants.

Turning to the first factor, we have previously held that an individual's "right to live with and not be separated from one's immediate family is 'a right that ranks high among the interests of the individual' and that cannot be taken away without procedural due process." *Ching*, 725 F.3d at 1157 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34–35 (1982)). Because USCIS denied the petition, Borisov faces "imminent removal from the United States, thus undoubtedly causing immense

3

hardship to" himself and Mattson. *Id.* Thus, the private interest at risk here is substantial. On the other hand, USCIS fails to articulate any additional burden that disclosing the complete statement would place upon it. *See id.* at 1158–59. Because the additional disclosure imposes a "minimal cost," at most, the third *Mathews* factor also favors Appellants. *Id.* at 1159.

With respect to the second and most contentious *Mathews* factor, our recent decision in *Zerezghi v. United States Citizenship & Immigration Services*, 955 F.3d 802 (9th Cir. 2020), confirms that this factor also favors Appellants. If USCIS had disclosed Borisov's ex-wife's full statement, Appellants maintain that they would have been able to investigate the context and circumstances of her allegations to attack its veracity. Although USCIS provided a summary that placed Appellants "on notice of the accusations" against Borisov, it neither "divulge[d] specific, rebuttable details about the situation [n]or produce[d] the underlying documents." *Zerezghi*, 955 F.3d at 812. Thus, we agree that the summary of the allegations "did not allow the couple to know what to investigate or what to rebut against." *Id.* This is particularly troubling when, as here, the BIA relied on only two pieces of evidence to determine that Borisov's earlier marriage was fraudulent: one that was disclosed and one that was not. And as we have previously concluded, "the risk of an erroneous finding that a prior marriage was fraudulent is high in cases where an ex-spouse is relied upon for evidence that the previous marriage was fraudulent."

4

*Ching*, 725 F.3d at 1157–58. We thus find the value of this additional procedural safeguard—i.e., the disclosure of the document—to be significant because Appellants might have been able to rebut a substantial portion of USCIS's evidence of marriage fraud.[1]

Because each of the *Mathews* factors weighs in favor of Appellants, we conclude that USCIS was required to disclose a complete copy of Borisov's ex-wife's statement before denying the I-130 petition. "Indeed, it is an 'immutable' principle of due process 'that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.'" *Zerezghi*, 955 F.3d at 813 (quoting *Green v. McElroy*, 360 U.S. 474, 496 (1959)). USCIS's failure to do so here violated procedural due process.[2]

---

[1] For this same reason, we reject USCIS's contention that its failure to disclose the statement was harmless. Even assuming a plaintiff must show "prejudice in the context of an I-130 visa petition," this hurdle is not substantial. *Ching*, 725 F.3d at 1156–57. Thus, "prejudice is shown if the violation *potentially* affects the outcome of the proceedings." *Id.* (quoting *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005)). Although the BIA might have reached the same result had the statement been disclosed, we cannot conclude that outcome is certain.

[2] Because the BIA's failure to comply with the requirements of procedural due process also runs afoul of the APA, *see Zerezghi*, 955 F.3d at 808 ("We review de novo whether the BIA violated procedural due process in adjudicating an I-130 petition (thereby acting 'not in accordance with law')." (citation omitted)), we need not determine whether the agency violated its own regulations.

We therefore **REVERSE** the district court's grant of summary judgment and direct it to remand the case to the BIA for further proceedings in accordance with this disposition.[3]

---

[3] On appeal, Appellants argue that they were also entitled to (1) the disclosure of an unredacted version of an arrest report relied upon by USCIS to deny the petition, and (2) the opportunity to cross-examine certain witnesses. We do not consider these arguments because Appellants failed to present them to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal."). However, the BIA may consider on remand whether Appellants are entitled to any additional process beyond that required by our disposition.