UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE LUIS CEDILLO-BURGOS,

　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　Respondent.

No. 23-218

Agency No.
A071-643-569

ORDER

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER, District
Judge.[*]

　　　The panel has unanimously voted to grant the petition for panel rehearing.

The petition for panel rehearing is granted and the memorandum disposition filed

on October 1, 2024, is withdrawn. A new memorandum disposition is being filed

concurrently with this order.

　　　The petition for panel rehearing, Dkt. 43, is GRANTED.

---

　　　[*]　　The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS CEDILLO-BURGOS, | No. 23-218 |
| Petitioner, | Agency No. A071-643-569 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2024
Pasadena, California

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER, District Judge.**

Jose Luis Cedillo-Burgos ("Cedillo"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing

his appeal of an immigration judge's ("IJ") denial of his withholding of removal and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Convention Against Torture ("CAT") claims. Cedillo seeks protection because he fears persecution at the hands of a police officer in Mexico with whom he got into a physical altercation in 1992. He alleges that the police officer has been involved in kidnapping several of his family members and would harm or kill him upon his return to Mexico. At Cedillo's hearing, the IJ expressed skepticism about the reliability and value of Cedillo's witnesses and indicated that he would not accept witness testimony that deviated from their written affidavits. Although Cedillo intended to call six witnesses, only two testified. The IJ denied Cedillo's claims, and Cedillo appealed to the BIA, alleging that the IJ committed several due process violations at the hearing. The BIA dismissed Cedillo's appeal on the grounds that he could not demonstrate prejudice from the alleged due process violations.

We review due process challenges de novo, *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021), and the denial of withholding of removal and CAT protection for substantial evidence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). To establish prejudice from a due process violation, a petitioner need only show that a due process violation "*potentially* . . . affect[ed] the outcome" of his claim. *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part and deny in part, and remand to the BIA for further proceedings in light of this decision.

1.      Substantial evidence supports the denial of Cedillo's withholding of removal claim because he fails to establish a nexus between harm and a protected ground. 8 C.F.R. § 1208.16(b)(2). Cedillo testified that he fears persecution on account of an individual's personal vendetta, not his family status or any other protected ground. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("[M]istreatment motivated purely by personal retribution will not give rise to a valid asylum claim."). The BIA thus did not err by concluding that there is no prejudice resulting from the alleged due process violations. *See Pagayon v. Holder*, 675 F.3d 1182, 1192 (9th Cir. 2011) (holding that a due process violation did not prejudice the petitioner's claim when the petitioner's testimony "portray[ed] a personal vendetta against someone" and the petitioner could not "plausibly claim that the additional evidence would have contradicted his own testimony by suggesting a different motive"). We thus deny the petition as to Cedillo's withholding of removal claim.

2.      The BIA erred by concluding that the alleged due process violations did not prejudice Cedillo's CAT claim. The agency denied Cedillo's CAT claim because he failed to offer enough reliable evidence that he would likely be subject to torture in Mexico and that he was unable to relocate within Mexico.[1] It is possible that

---

[1]      Our precedent makes clear the petitioner does not have the burden to demonstrate that relocation is impossible. *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

testimony from Cedillo's other witnesses could provide reliable evidence to support his CAT claim. Because the court "may infer prejudice even absent any allegations as to what the petitioner or his witnesses might have said if the IJ had not cut off or refused to permit their testimony," Cedillo establishes that the due process violation at least "*potentially . . .* affect[ed] the outcome of the proceedings." *Zolotukhin*, 417 F.3d at 1075–77 (citation omitted) (holding that a due process violation prejudiced petitioner's claim because the witnesses "could have corroborated his claims for relief by recounting the past persecution").

**Petition GRANTED in part and DENIED in part; REMANDED.**