**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA ESCALANTE-TELLEZ, | No. 14-72820 |
| Petitioner, | Agency No. A095-786-522 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2017[**]
Pasedena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Silvia Escalante-Tellez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Escalante's brief only addresses alleged due process violations; she has therefore waived both any challenge to the denial of her application for asylum based upon her criminal history and all challenges to withholding and CAT protections based upon the record before the agency. *See Jie Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013). We have jurisdiction under 8 U.S.C. § 1252(a). We review constitutional and other questions of law de novo. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

1. The IJ's development of the record satisfied the requirements of the Due Process Clause because Escalante was given "a full and fair hearing . . . and a reasonable opportunity to present evidence on [her] behalf." *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075 (9th Cir. 2005). Escalante was permitted to file exhibits prior to her hearing, but did not. At Escalante's request, the IJ received and reviewed the copies of exhibits that Escalante brought to her hearing, permitted Escalante to elaborate on them, and spoke with her about the contents of the exhibits. And even though Escalante did not bring her internet research concerning her ex-husband's

governmental employment, the BIA accepted his employment as fact in making its ruling. The IJ's failure to allow untimely exhibits or pursue additional questions regarding the unfiled exhibit did not violate the Due Process Clause.

2. The IJ acted as a neutral fact finder in satisfaction of the Due Process Clause. All of the questions the IJ asked at the hearings that Escalante cited in her briefs were pertinent to the legal issues before the IJ or logically proceeded from the testimony of witnesses. In context, the IJ's questions, comments, and tone are neither clear accusations of moral bankruptcy, nor do they reveal that the IJ had prejudged the case. *Compare Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (recognizing the IJ's impatient demeanor as permissible), *with Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003) (chronicling the IJ's many morally charged statements). Accordingly, the BIA correctly determined that the IJ's questions did not interfere with Escalante's ability to present her case. *See Almaghzar*, 457 F.3d at 922 (finding no due process violation where IJ provided petitioner "ample opportunity to present his case").

3. The IJ's failure to advise Escalante on her potential eligibility for a U Visa was not prejudicial. Nothing has prevented Escalante from applying for a U Visa and then seeking a continuance or joint motion to terminate the removal proceedings while her application was pending. *See* 8 C.F.R. § 214.14(c)(1). Yet Escalante has not done

so.  She thus cannot say that "the IJ's conduct potentially [affected] the outcome of the proceedings."  *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002) (alteration in original) (internal quotation marks omitted) (quoting *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000)).

    **PETITION FOR REVIEW DENIED.**