NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAGAD ALI,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72273

Agency No. A215-814-646

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,** District
Judge.

Petitioner Rafagad Ali, a native and citizen of Pakistan, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing his appeal of an

immigration judge's (IJ) decision denying his asylum, withholding of removal, and

Convention Against Torture (CAT) claims and rejecting his due process claim.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence factual findings by the IJ. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (citing *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009)). The findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo claims of due process violations in immigration proceedings. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (citing *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003)). We grant the petition for review and remand for further proceedings.

1.     The BIA erred by concluding that Ali could not demonstrate prejudice. To establish a due process violation, a petitioner must explain that (1) the proceeding was fundamentally unfair and (2) he was prejudiced such "that the outcome of the proceeding *may* have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citations omitted) (emphasis added). "Our review is limited to those grounds explicitly relied upon by the [BIA]." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (citing *Najmabadi v. Holder*, 597 F.3d 983, 986-87 (9th Cir. 2010)). Because the BIA did not analyze whether Ali's proceeding was fundamentally unfair, we review only its determination that Ali did not show prejudice. *See id.*

To show prejudice, a petitioner "need not explain exactly what evidence he would have presented in support of his application, and we may infer prejudice in

2

the absence of any specific allegation as to what evidence [petitioner] would have presented . . . had he been provided the opportunity to present that evidence." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1105 (9th Cir. 2004) (quoting *Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002)) (alteration and omission in original); *see also Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005) ("We may infer prejudice even absent any allegations as to what the petitioner or his witnesses might have said if the IJ had not cut off or refused to permit their testimony."); *Colmenar*, 210 F.3d at 972 ("Although [petitioner] does not explain exactly what evidence he would have presented to support [his] assertions, we do not require such an explanation to find prejudice.").

Ali repeatedly told the IJ that he had a friend who could help him prepare documents for his case, and that he wanted to hire a lawyer. During his credible fear interview, Ali clearly explained his conversion to Shia Islam and the violent attacks he suffered as a result. Yet after the IJ denied Ali's motions to continue and change venue, and informed Ali that his merits hearing would be held that day, Ali became less and less responsive, failing to answer even basic questions posed by the IJ. Ali also stated that he was not well after the IJ failed to understand parts of his testimony. Had Ali been provided additional time to retain counsel, collect documents, and prepare his claims, he may have been able to demonstrate that his fear of persecution was well-founded. *See Colmenar*, 210 F.3d at 972.

3

**2.**     The BIA's reliance on *Zetino v. Holder*, 622 F.3d 1007 (9th Cir.

2010), is misplaced.  In *Zetino*, we considered a petitioner's claim that the BIA

violated due process by denying his motion to accept a late brief.  *Id.* at 1012.

Despite the petitioner's "failure to properly file an appellate brief, the BIA

considered the merits of his application because he had sufficiently articulated his

challenges to the IJ's decision in his Notice of Appeal."  *Id.* at 1011.  We held that

even if a due process violation existed, the petitioner could not "show prejudice

because the BIA considered all of the facts presented and applied them to the law."

*Id.* at 1014.  Because Ali contends he was deprived of an opportunity to present

additional evidence in support of his claims, the BIA did not consider all the facts

Ali seeks to present.  *See Zolotukhin*, 417 F.3d at 1077.[1]

Petition for review **GRANTED** and **REMANDED**.

---

[1] In light of this disposition, we need not address the two other issues raised by Ali, namely whether (1) the IJ erred in her adverse credibility determination and (2) the BIA erred in its affirmance of the IJ's denial of CAT relief.  Ali may raise these issues in any future petition for rehearing, if necessary.