NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO SOLEDAD HERNANDEZ, | No.    20-71178 |
| Petitioner, | Agency No. A095-786-336 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022**
San Francisco, California

Before:   O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER, ***
International Trade Judge.

Pedro Soledad Hernandez petitions for review of a Board of Immigration

Appeals (BIA) decision denying his applications for withholding of removal and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of relief under the deferential substantial evidence standard, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and deny the petition.

1.      Substantial evidence supports the denial of withholding of removal. To qualify for withholding of removal, an applicant must show a clear probability of future persecution "on account of" race, religion, nationality, political opinion, or membership in a particular social group. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (simplified). The BIA affirmed the IJ's conclusion that Soledad Hernandez did not demonstrate that he was likely to be persecuted in Mexico on account of his Nawat ancestry. The record does not compel a contrary conclusion. Soledad Hernandez testified that he was beaten by gang members multiple times, but he did not establish that the assaults were on account of his indigenous status. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Soledad Hernandez also testified that his father and cousin were killed by unknown attackers, but he provided no evidence that they were targeted because of their indigenous ancestry. And while Soledad Hernandez contends that his family are "prisoners in their own home," he admitted that his brother "works and studies" and his sister is married and cleans

2

houses. *Cf. Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (no well-founded fear of future persecution where "Petitioners have several family members who continue to live in Egypt and who have been able to obtain university educations and employment after graduation").

2.      Substantial evidence also supports the denial of CAT relief. "To qualify for CAT relief, an applicant must establish that he or she is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment if removed." *Garcia*, 749 F.3d at 791 (simplified). "Torture" is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R.§ 1208.18(a)(2). The random violence Soledad Hernandez experienced at the hands of gang members in Mexico, while unfortunate, does not rise to the level of torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico . . . is insufficient to meet [the CAT] standard"). Also, Soledad Hernandez testified that his mother and siblings safely remained and worked in his hometown for many years after he left, which also supports the BIA's conclusion that he is not likely to be tortured. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir. 2008) (holding that the lack of harm to petitioner's family in his hometown constituted substantial evidence that petitioner was not more than likely going to be tortured).

3

3. We reject Soledad Hernandez's argument that his case should be remanded because the BIA allegedly did not consider the complete record. While it is unclear what Soledad Hernandez claims was deficient with the record, we note that the BIA specifically referenced the exhibit Soledad Hernandez highlighted as not submitted to it, indicating that the BIA had access to, and duly considered, the evidence in the record. The BIA is entitled to "the presumption of regularity" unless an opposing party rebuts that presumption with "clear, affirmative evidence to the contrary." *Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1058 (9th Cir. 2021). Soledad Hernandez fails to do so. Furthermore, to be entitled to a remand, Soledad Hernandez must "show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Alanniz v. Barr*, 924 F.3d 1061, 1068 (9th Cir. 2019) (quoting *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005)). Soledad Hernandez fails to show how any missing document could have affected the outcome of his applications.

**PETITION DENIED.**

4