NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON AMBROCIO GONZALEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 17-71921 Agency No. A098-439-907 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2022[**]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,[***] Senior District Judge.

Petitioner Byron Ambrocio-Gonzalez ("Ambrocio" or "Petitioner"), a native

and citizen of Guatemala, petitions for review of a decision of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Immigration Appeals ("BIA") upholding the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

**1. Timeliness:** Ambrocio's challenge to the Immigration Judge's ("IJ's") timeliness determination is not properly before us. This Court's review of the BIA's denial of relief is limited to the reasons identified by the BIA, except to the extent that the BIA adopts the IJ's findings. *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1074 n.1 (9th Cir. 2005); *accord Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board."). The BIA expressly declined to reach the timeliness issue and ruled exclusively on the merits of Ambrocio's asylum, withholding, and CAT claims. Accordingly, we lack jurisdiction to review the IJ's finding that Ambrocio's asylum claim was precluded by the statutory one-year bar.

**2. Nexus:** Substantial evidence supports the BIA's conclusion that Ambrocio failed to show a nexus between his claimed social group and his fear of persecution. Ambrocio claims that he fears persecution on account of his family relationships. "[T]he family remains the quintessential particular social group." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) (citing *Thomas v. Gonzales*, 409 F.3d 1177, 1180 (9th Cir. 2005) (en banc)). However, to sustain an asylum or withholding claim, "[t]he applicant must demonstrate a nexus between her past or feared harm and a

protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017)).

Ambrocio testified credibly that his family lives in fear, that MS-13 threatened him, and that MS-13 murdered his brother. As the BIA noted, however, Petitioner admitted on redirect that he did not know if MS-13 was actually targeting his family. Rather, the record suggests Ambrocio feared that he would be persecuted by MS-13 members in Guatemala because he declined to join the gang. As Ambrocio offers no evidence of a nexus between his fear of persecution and his relationship with his family, substantial evidence supports the BIA's denial of Ambrocio's claims for asylum and withholding of removal.

**3. Torture:** Substantial evidence supports the BIA's denial of Ambrocio's request for CAT relief on two grounds. First, to receive mandatory relief under the Convention, an applicant must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). Ambrocio's only evidence of a particularized risk of torture is his testimony and sworn statement regarding his brother's murder at the hands of MS-13 members, and the threats he received in Guatemala for refusing to join MS-13. The BIA found that this evidence did not meet the standard of proof imposed by the Convention, as Ambrocio's family has continued to reside in Guatemala since his brother's murder

without experiencing any harm. Ambrocio's testimony is not so persuasive that "any reasonable adjudicator would be compelled" to reach a contrary result. *Cf. Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)).

Second, even if Ambrocio could show the requisite likelihood of torture, he offers no evidence of government acquiescence, as required by CAT regulations. *See* 8 C.F.R. § 208.18(a)(7); *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). Government acquiescence may be established by "awareness and willful blindness," but requires more than "ineffectiveness on the government's part to investigate and prevent crime." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (quoting *Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 (9th Cir. 2010); *Andrande-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016)). In his testimony before the IJ, Ambrocio acknowledged that the Guatemalan authorities arrested the MS-13 gang members who murdered his brother, undermining any suggestion of government acquiescence. Accordingly, substantial evidence supports the denial of Ambrocio's CAT claim.

**4. Due Process:** Ambrocio argues that the IJ violated his due process rights by admitting unauthenticated photographs of Ambrocio standing with MS-13 gang members, wearing gang colors, and displaying gang hand signals shortly before his incarceration in 2008. "A due process violation occurs where (1) the proceeding was

4

so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012). We review putative due process violations in immigration proceedings *de novo*. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

Ambrocio argues that the photos were not properly authenticated under Fed. R. Evid. 901(a). Even assuming that the introduction of unauthenticated evidence can create the "fundamental unfairness" required to sustain a due process claim, Ambrocio nowhere contends that the photos are not what DHS purports them to be. Without alleging that the evidence introduced against him is unauthentic, Ambrocio cannot show that a failure to authenticate it "potentially . . . affects the outcome of the proceedings." *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir. 2002) (quoting *Perez-Lastor v. INS*, 208 F.3d 773, 780 (9th Cir. 2000)); *see also Baliza v. INS*, 709 F.2d 1231, 1233–34 (9th Cir. 1983) ("Administrative proceedings are not . . . bound by strict rules of evidence."). Accordingly, as Ambrocio cannot demonstrate prejudice, his due process claim fails.

**PETITION DENIED.**