**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Monsuru Wole Sho,<br><br>    Petitioner,<br><br> v.<br><br>Merrick B. Garland, U.S. Attorney<br>General,<br><br>    Respondent. | No. 21-1414<br><br>Agency No.  A094-950-100<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2023
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

  Monsuru Wole Sho, a native and citizen of Nigeria, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of his application for relief under the

Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C.

§ 1252, and we grant the petition.

---

  [*]  This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[1] The IJ found Sho statutorily ineligible for asylum and withholding of removal
after determining that his prior kidnapping conviction constituted a particularly
serious crime.  Sho only appeals the agency's CAT determination.

"We review de novo claims of . . . due process violations in removal proceedings." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). "To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), we "revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011).

1.      In support of his asylum application, Sho submitted two documents demonstrating he had been targeted for persecution as a homosexual: an extract from a Nigerian police diary detailing Sho's arrest for participating in a homosexual act, and a Nigerian wanted poster stating that Sho had jumped bail for a homosexual offense. Sho argues that the agency violated his right to due process by relying on a report of investigation ("ROI") from the U.S. Embassy Fraud Prevention Program, which concluded that the two documents were forged, without affording him a meaningful opportunity to challenge the reliability of the ROI.

According to the ROI, an unnamed investigator visited the Kaduna State Command, and "[a]fter a series of telephone calls and verifications, it was discovered" that the officer who signed the police diary never served at the Maraba police station, the officer's personnel number did not exist, and the police diary's letterhead, form, signature, and stamp were "irregular." In

addition, an unnamed police commissioner's assistant explained that the wanted poster was not authentic because it failed to conform to the proper format.

We hold that the introduction of the ROI violated Sho's due process rights because he was not provided "a meaningful opportunity to rebut the government's fraud allegations." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020). The ROI at issue here suffers from similar deficiencies to the ROI in *Grigoryan*. In both, the Department of Homeland Security failed to "identify any of the named individuals, present supporting evidence to explain the nature of the investigation, produce the referenced exemplars, or proffer any government witnesses about the alleged fraud." *Id.* There is no indication that the investigator here sought to obtain exemplars to confirm that the proffered documents were missing information. The agency erred in admitting the ROI without affording Sho a meaningful opportunity to rebut its conclusions. *See id.* (citing *Banat v. Holder*, 557 F.3d 886, 891 (8th Cir. 2009); *Anim v. Mukasey*, 535 F.3d 243, 256–58 (4th Cir. 2008); *Alexandrov v. Gonzales*, 442 F.3d 395, 407 (6th Cir. 2006)).

2.   The erroneous introduction of the ROI prejudiced Sho. To establish prejudice, a petitioner must show that "the outcome of the proceeding may have been affected by the alleged violation." *Id.* (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). "The standard does not demand absolute certainty." *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005).

In *Udo v. Garland*, 32 F.4th 1198 (9th Cir. 2022), the agency denied the petitioner's CAT claim after finding his testimony lacked credibility and he "failed to establish that he is gay or that he was ever harmed in Nigeria for being a gay person." *Id.* at 1203. We remanded the case because the agency "failed to give reasoned consideration to key evidence that was independent of Udo's testimony"—namely, an "excommunication notice" that stated the petitioner was caught practicing prohibited sexual acts, as well as affidavits and letters from family members detailing the violence committed against the petitioner after he was discovered with his boyfriend. *Id.* at 1201.

By relying on the ROI, the IJ disregarded independent evidence of Sho's arrest and detention for being homosexual as detailed in a police diary and a wanted poster describing the continuing search for him in Nigeria. These documents are potentially dispositive of Sho's CAT claim because they independently confirm Sho's homosexuality, past arrest and detention, and likelihood of future torture. In addition, the police documents could have "corroborated [Sho's] testimony had they not been deemed fraudulent." *Cinapian v. Holder*, 567 F.3d 1067, 1076 (9th Cir. 2009).[2]

We grant the petition and remand to the BIA so that it may grant Sho a

---

[2] We need not reach Sho's argument that the record compels a reversal of the agency's adverse credibility finding. After a new hearing in which Sho has a meaningful opportunity to challenge the ROI, the IJ may then assess his credibility based on all available information. "There is no reason to prejudge that determination." *Cinapian*, 567 F.3d at 1077.

21-1414

new hearing.  The motion for a stay of removal (Dkt. No. 2) is granted.  The stay of removal remains in place until the mandate issues.

**PETITION GRANTED.**

21-1414