NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOSIAH ARTURO MARTINEZ-ARBE; MARIA ZOILA PEREGRINA SANDOVAL-BARTRA; D.N.M.S.; A.D.M.S.; B.M.M.S., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3319 <br><br> Agency Nos. <br> A243-148-382 <br> A243-148-383 <br> A243-148-384 <br> A243-148-385 <br> A243-148-386 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2024[**]
Seattle, Washington

Before: MILLER, LEE, and H.A. THOMAS, Circuit Judges.

Mosiah Arturo Martinez-Arbe, Maria Zoila Peregrina Sandoval-Bartra, and

their minor children, D.N.M.S., A.D.M.S., and B.M.M.S.—natives and citizens of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peru—petition for review of a decision of the Board of Immigration Appeals denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Because the Board affirmed the decision of the immigration judge and adopted his reasoning, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), we review both the Board's decision and the immigration judge's. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review factual findings for substantial evidence and legal questions de novo. *Id.*

1. The immigration judge did not violate petitioners' due process rights by declining to allow Elizabeth Peralta, Martinez-Arbe's cousin—who was also his attorney in Peru—to testify telephonically. Because immigration judges have "discretion to limit testimony in order to 'focus the proceedings and exclude irrelevant evidence,'" such limits violate due process only when they "'prevent[] the introduction of significant testimony.'" *Oshodi v. Holder*, 729 F.3d 883, 890 & n.9 (9th Cir. 2013) (en banc) (first quoting *Kerciku v. INS*, 314 F.3d 913, 918 (7th Cir. 2003); and then quoting *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005)).

Because Peralta's testimony was largely duplicative, its exclusion did not violate due process. She submitted a declaration, which the immigration judge considered, and petitioners told the judge that she would "testify consistent with

her declaration." Her declaration described Martinez-Arbe's testimony in Peruvian court against members of the criminal gang that robbed him, those gang members' sentences, the high crime rate in Peru, and her opinion that petitioners "in any moment . . . could be victims of some attempt on their lives as retaliation." Neither petitioners' motion to allow telephonic testimony nor Peralta's own submitted declaration suggested that the telephonic testimony, if allowed, would have contributed new evidence.

Unlike in cases where we have determined that an immigration judge violated due process by precluding testimony, the judge here neither prevented Martinez-Arbe from testifying nor excluded witnesses who could have corroborated parts of his testimony that the judge disbelieved. To the contrary, the judge found Martinez-Arbe credible and took all of his factual assertions as true. *Cf. Oshodi*, 729 F.3d at 891 (holding that the immigration judge violated due process by refusing to hear the applicant's "full testimony with respect to the abuses he suffered in Nigeria" and denying relief based "solely on an adverse credibility finding"); *Lopez-Umanzor*, 405 F.3d at 1054–58 (holding that the immigration judge violated due process by finding the applicant not credible in her account of her abusive relationship with the man she claimed posed a threat while excluding testimony from domestic violence experts); *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075–76 (9th Cir. 2005) (holding that the immigration judge violated

due process by not crediting applicant's testimony about his religious affiliation while excluding expert witnesses who could have corroborated that testimony); *Kaur v. Ashcroft*, 388 F.3d 734, 736–37 (9th Cir. 2004) (holding that the immigration judge violated due process by denying asylum in part due to the lack of evidence corroborating the applicant's account of events that caused her to leave her country while refusing to hear testimony from the applicant's son about those events).

2. The Board's denials of petitioners' asylum and withholding of removal claims were supported by substantial evidence. The immigration judge's conclusion that their fear of future persecution was not reasonable was supported by the facts that: (1) no tangible harm had come to Martinez-Arbe or his family, including while one of the gang members against whom he testified was out of custody; (2) Peruvian hitmen, whom petitioners feared would be hired to harm them, had been prevalent in the country since at least 2015; and (3) it was unclear how recently threats to another victim of the same robbery were made. Although petitioners argue that the immigration judge's findings that they could reasonably relocate within Peru and that the Peruvian government was not unable or unwilling to protect them were erroneous, neither of those findings was dispositive. Because the immigration judge concluded that "[a]ny future harm, based on the record, is speculative," those findings were merely additional grounds on which to deny the

claims. *See Hussain v. Rosen*, 985 F.3d 634, 645–46 (9th Cir. 2021); *Sharma v. Garland*, 9 F.4th 1052, 1060–61 (9th Cir. 2021); 8 C.F.R. § 1208.13(b)(2).

**PETITION DENIED.**